**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000317
22-MAR-2016
07:48 AM**

NO. CAAP-15-0000317

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DAMIEN REYES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(CASE NO. 1DTA-14-03209)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant Damien Reyes (Reyes) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on March 11, 2015 in the District Court of the First Circuit, Wai'anae Division ("District Court").[1]  Reyes was convicted of Operating a Vehicle Under the Influence of an Intoxicant ("OVUII"), in violation of Hawaii Revised Statutes ("HRS") § 291E-61(a)(1) (Supp. 2014).[2]

On appeal, Reyes contends that (1) the District Court erred by failing to conduct an adequate on the record colloquy that demonstrated that he knowingly, voluntarily, and

---

[1]    The Honorable James S. Kawashima presided.

[2]    HRS § 291E-61(a) states in relevant part:

> (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

intelligently waived his right to testify at trial and (2) there was insufficient evidence to convict him of OVUII. The State concedes that the District Court failed to conduct an adequate colloquy, but contends that the error was harmless.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve Reyes's points of error as follows:

(1) The State concedes that the District Court failed to conduct a valid colloquy in violation of *Tachibana v. State*, 79 Hawaiʻi 226, 900 P.2d 1293 (1995). Notwithstanding that concession, however, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" *State v. Veikoso*, 102 Hawaiʻi 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting *State v. Hoang*, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000)). In other words, the State's concession of error "is not binding upon an appellate court[.]" *Hoang*, 93 Hawaiʻi at 336, 3 P.3d at 502 (quoting *Territory v. Kogami*, 37 Haw. 174, 175 (Terr. 1945)) (internal quotation marks omitted.

The District Court erred in not conducting an adequate *Tachibana* colloquy. "[I]n order to protect the right to testify under the Hawaiʻi Constitution, trial courts must advise criminal defendants of their right to testify and must obtain an on-the-record waiver of that right in every case in which the defendant does not testify." *Tachibana*, 79 Hawaiʻi at 236, 900 P.2d at 1303 (footnote omitted). The District Court did not conduct a colloquy that demonstrated an on-the-record waiver of Reyes's right to testify at trial that complied with *Tachibana* and Reyes did not testify at trial. We cannot say that the District Court's error was harmless. *See State v. Pomroy*, 132 Hawaiʻi 85, 94, 319 P.3d 1093, 1102 (2014).

(2) Honolulu Police Department Sergeant Cullen Kau testified that on July 4, 2014 at approximately 1 a.m., he observed Reyes driving his vehicle on Farrington Highway. Farrington Highway is a public street, road, or highway.

Sergeant Kau observed Reyes weaving back and forth within the same lane. After stopping Reyes, Sergeant Kau noticed a strong odor of an alcoholic beverage emanating from Reyes and Reyes's eyes were red and glassy.

Officer Ashley Fernandez testified that she administered field sobriety tests to Reyes. During the instruction phase of the walk-and-turn test Reyes was unable to keep his balance. During the test, Reyes fell to the right, he took an extra step, missed every heel-to-toe step, stepped off the line, and pivoted incorrectly. On the one-legged stand test, Reyes was instructed not to put his foot down and hold his arms out to the side and he should not be swaying. Reyes put his foot down three times, was leaning toward the right, and had a hard time balancing.

When the evidence adduced at trial is considered in the strongest light for the prosecution, there was substantial evidence to support Reyes's conviction for OVUII. *State v. Batson*, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992). There was substantial evidence that Reyes operated or assumed actual physical control of a vehicle on a public street, road, or highway and was under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty. Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on March 11, 2015 in the District Court of the First Circuit, Wai'anae Division, is vacated and the case is remanded for a new trial.

DATED: Honolulu, Hawai'i, March 22, 2016.

On the briefs:

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3